UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SHAHIN MIAH,

        Plaintiff,

- against -

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

        Defendant.
--------------------------------------------------------X

**ORDER**
14-CV-2718 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

Pursuant to the policy adopted by the Board of Judges of the United States District Court for the Eastern District of New York for docketing and expediting cases challenging determinations of the Commissioner of Social Security under 42 U.S.C. § 405(g), *see Administrative Order 2008-05*, effective April 1, 2008, the Court hereby ORDERS the following:

1) Plaintiff, if *pro se*, is granted leave to proceed *in forma pauperis*. The Clerk of Court is directed to forward copies of Plaintiff's Complaint and this Order to the United States Marshal for the Eastern District of New York for service on Defendant, without prepayment of fees;

2) Within ten (10) days of the date of this Order, Defendant shall comply with this Court's Standing Order dated November 1, 2009 requiring identification of any recusal issue(s), in the event that Defendant has not yet complied with such Standing Order;

3) Defendant shall obtain and serve upon Plaintiff the administrative record of the proceedings, and serve and file an Answer, within ninety (90) days of the commencement of this action.

4) Unless otherwise directed by the Court, Defendant shall move for judgment on the pleadings within sixty (60) days of filing the Answer, by service of motion papers upon plaintiff;

5) Plaintiff shall serve on Defendant all opposition papers and any cross-motion within thirty (30) days of receiving Defendant's motion for judgment on the pleadings;

6) Defendant shall serve on Plaintiff any reply or opposition to the cross-motion, and shall also file with the Court the entire set of motion papers and the administrative record within fifteen (15) days of receiving Plaintiff's opposition and cross-motion, if any;

7) In the event that a party's memorandum of law uses medical terminology not in common usage among laypersons, the memorandum shall explain the term(s), with citation(s) to a medical reference source supporting the explanation. If the use of the term relates to the results of a medical test, the memorandum shall explain how those results bear on the Commissioner's finding(s) at issue;

8) In the event that any party is unable to comply with the deadlines ordered herein, such party shall notify the Court in writing by such deadline, requesting an extension supported by good cause and setting forth the date by which the party will comply. In the event that Defendant seeks additional time to obtain or serve the administrative record, Defendant shall also set forth the date the administrative record was requested, the efforts made to obtain it, whether or not it was received, and the reason(s) for any delay.

9) The parties are advised of the option of consenting to have this matter heard and decided by the assigned Magistrate Judge. The parties are to consult and advise the court if both sides consent to having this case heard and decided by the assigned Magistrate Judge. The parties shall also inform the Court if both parties do not consent, but they are not to indicate which party does not consent.

This Order does not limit in any way the authority of the Court to enter such further orders and directives that sound administration may require.

SO ORDERED.

Dated: Brooklyn, New York
      May 30, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge